May I please report? Leanna Carter for Appellant Silken Brown in Mario de la Rosa. I'd like to reserve two minutes. Good afternoon. All right, this case is about wage statements and a direct violation of California Labor Code Section 226. Now, that section requires that there be nine specific pieces of information on wage statements. And pertinent here, that includes the total hours worked and applicable hourly rates at issue during the pay period. Now, everybody enjoys a good paycheck, but if you can't determine with your paycheck whether or not you're paid correctly, that's where 226 comes in. And it lets employees know whether or not they're paid correctly based on whether this information is included in their wage statements. Can we consider the notices with respect to the claimant whose claims were dismissed with prejudice? Yes, we can. Why? The cases were ordered consolidated for all purposes. And that consolidation was complete. The cases proceeded under one case number only. And the Court acknowledged that for all purposes, all the pleadings would be at issue. And the parties also continued to move forth, including all the allegations and all the pleadings and all the PAGA letters. And so they can be determined here because the cases were consolidated and the Court said they would do so for everything. And they, in fact, merged all the cases as one. The fact that Amy is no longer in this appeal, Amy is not at all a party to this appeal, does not negate or erase any notice that Cinemark had with respect to all of these allegations. It simply does not erase the notice that was at hand. If we concluded that we couldn't consider her notice, do you argue that the Brown notice was adequate on its face? We would argue that it is adequate because there's a lot of case law that says even if you do mention things like the total hours worked and you mention any violations of Section 226, the case then at hand gives notice to both the defendant as well as the LWDA what's at stake. It gives notice with respect to any violations of 226. It tells the employer it needs to go ahead and look at the 226 violations. But here we don't need to even address that because both the POG letters as well as the complaint contain allegations that specifically mention that the applicable hourly rates are at hand when it comes to any of the 226 claims. And the plaintiffs themselves moved to certify these claims because they are eminently certifiable, and the Court erred in respect to denying certification because the Court did not look beyond the face of the pleadings. Instead, it applied a pleading standard in order to deny certification, and that's simply contrary to the governing law, which says that when you go to class — when you move for class certifications, oftentimes you're looking at other evidence, including class discovery, and you don't focus solely on the face of the pleadings. And here the Court itself even denied a premature motion to deny certification because the Court said that the claims need to be produced at the time. And in the same breath that the Court said there needs to be class discovery before we can prepare for class certification, the Court now in its ruling at hand completely ignored this class discovery and decided that CentiMark wasn't on notice. Even though this discovery did, in fact, prove that CentiMark was on actual notice, there were admissions during this discovery where CentiMark admitted that over 66,000 of its wage statements were violative of Section 226 because the applicable hourly rates were not listed correctly. They listed the overtime rate the same as the regular rate of pay, and that's what's at issue here. So the Court erred in class certification denial because it conflated the two standards of a pleading standard, which simply requires a short and plain statement, versus the standard for class certification, which requires a more detailed level of a theory of liability, and so you look beyond the pleadings, which the Court did not do. Its ruling was basically counterfactual because there was actual evidence and it was contrary to the case law. It didn't even apply any of the Rule 23 criteria whatsoever. And we have multiple orders here before the Court, so I wanted to get to the next one. The Court also denied, also erred when it denied amendment for the appellants as far as amending their complaint since it said there's no direct wage statement claim under 226. However, here, amending the complaint would not be futile. First of all, amendment is liberally granted, and it's only sparingly granted when it's dismissed, it requires dismissal, and then there's no opportunity to amend. This was the first challenge to the pleadings, and this challenge was brought nearly three years into litigation. It can't be said that it's too late to amend, yet at the same time, it's not too late to bring the first challenge to the pleadings. And the allegations... Remind me, was there a scheduling order that set deadlines in this case? Deadlines for what, Your Honor? For amendments. There was no deadline for amendment. Following the class certification denial and the dismissal of the wage statement claim, the Court did allow further briefing on amendment, and then we provided that briefing, and there was an opposition, and the Court denied the amendment. And the Court denied the amendment on several grounds that are simply erroneous. The Court found that amending the complaint would be futile, looking at the allegations in the proposed amended complaint. However, here we have a direct facial violation of 226 that's evident on the face of the wage statements, and that was pled in the proposed amended complaint. The Court found that that's fine, there's a direct, there's a violation of 226, but there's no knowing and intentional element or an injury element that's pled properly. However, the knowing and intentional element need only be pled generally. Under Rule 9, knowledge need only be pled generally. And under the case law, as far as knowing and intentional, there only need be a simple allegation to that effect. And the proposed amended complaint here states precisely that. It says, despite the fact that Cinemark knew of the legal requirements at hand, it willfully, it willingly provided these wage statements that were inaccurate. And therefore, that was satisfied, all of these requirements for Section 226. In particular, the injury also element was satisfied, as it does not require actual injury. And in the Court's opinion, the Court relies on old case law that states to the effect that was applied before the clarification of the law in 2013, that basically says you no longer have to prove actual injury for 226 claims. And instead, it's an objective standard. And it specifically mentions the reasonable person standard and whether or not a reasonable person can easily and promptly from the wage statements determine whether or not they were paid correctly, something's missing, et cetera. And that standard was clearly met here based on the reasonable person standard. The Court also found that the late stage in proceedings was something that was determinative here. However, undue delay alone cannot sanction the denial of amendment here. In particular, as mentioned earlier, the late stage in proceedings is only based on the fact that this was brought three years into litigation as the first challenge to the pleading. And there was no bad faith on the part of appellants to do so. It was only in relation to the fact that the — that Sinemark had brought this belatedly. As far as prejudice goes, there's simply no showing of prejudice that would warrant denial of amendment here. A showing of prejudice requires that it must be substantial in order to not have an opportunity to amend and dismiss the claims. And here, there was simply no substantial prejudice. The amendment doesn't affect the class definition. It doesn't involve different employees or new parties. Sinemark can move to dismiss the claims if need be later on. There's a case law that says that once you allow amendment, that's — the case can do that. And the allegations do not significantly widen the scope of the complaint. It's basically a refinement of the theory that's already there, which means it arises from the same set of facts. Further, the prior amendments that already took place were simply to add de la Rosa as a plaintiff and then to add meal arrest break claims that were stipulated by Sinemark. There's been no motions to amend beforehand nor motions to dismiss. This is simply the first challenge, and appellants responded accordingly. In addition to denying leave to amend, the court also found that POG exhaustion was not satisfied here. Now, this is important because the California Supreme Court has recently made clear, as well as the legislature, in new amendments to the POG statute that did not in any way require any more detail with respect to the facts and theories that are put forth in these notice letters. And in Williams, the California Supreme Court basically said that there's no threshold of weightiness for these letters. The main point is that the employer and LWDA in particular received notice of what's at stake. And that's precisely what happened here. The letters that issue to the LWDA state that there were three inaccurate areas on the section 226 claim on the wage statements. And this included the total number of hours worked, the applicable deductions, and the applicable hourly rates. Listing this put the LWDA on notice to check the rates. And if they performed an investigation, they would need to look at the rates. The overtime rate is necessarily an applicable hourly rate. And that's what is at issue here. And it puts CentiMark on notice, too, to check their applicable rates. And that's subsequent changes by the legislature would seem to indicate that the legislature felt that the statute required more at an earlier point in time because why amend the statute? Actually, the legislature rejected arguments that would require more meat to the facts and theories language of the POG statute. And, in fact, there was no amendment with respect to the facts and theories section of that statute. And coupled with that, the Williams Court said that POGA claims should not be subject to these crazy and unwarranted hurdles simply for prosecuting these POGA actions and having plaintiffs be deputized as attorney generals. And that includes the fact that this notice for the POGA letters is at the outside of the case. It's before there's any discovery. And the case law says that if a POGA plaintiff had to keep changing the POGA letters each time they discovered a new fact in discovery, then that wouldn't work. And that's why the Supreme Court said that there's no threshold of weightiness here and simply notice is all that's required. In fact, it said that it basically should not be frivolous as long as it's not frivolous, a standard of non-frivolousness. When was the Williams decision decided? That was this year, a couple months ago. And we sent that as supplemental authority here for the court to review. But even with that, the legislature alone, as well as the language and the case law already interpreting POGA, basically finds and concurs with this. There should be no weightiness. It's all based on notice and whether Cinemark and the LWDA had notice here. Now, the district court paid lip service to this idea that there be notice for the LWDA, but it misapplied this standard entirely. It relied on case law that required exceedingly detailed level of POGA letters, which is simply not the case, as reiterated in Williams. And as mentioned before, the POGA letter at issue here did mention the applicable rate, no exceeding level of detail or painstakingness with respect to adding more details are required at the onset of the case. If Cinemark knew that the rates were at issue, then they would go ahead and look at their wage statements and look at, oh, are the rates incorrect or not, and where do we go from there? Put them on notice. And lastly, before oral arguments scheduled, Cinemark also presented a motion to dismiss this appeal based on Microsoft v. Baker. And I would posit that Microsoft v. Baker is not irrelevant here. Microsoft v. Baker was part of trying to dissuade plaintiffs from these manufacturer tactics to get appeals going forward after, for example, Rule 23F petitions have been denied. That's not the case here. There was no simple voluntary dismissal following the denial clustered. Instead, the plaintiffs here followed the options that the Microsoft v. Baker court said that are allowable, which is you continue litigating. That's what we did here. Appellants continued litigating all of the claims. And then once class certification was denied, they continued litigating. They moved to amend. And then there was a motion for summary judgment following that, which was opposed. There was a briefing. There was a hearing. And then based on a tentative order, which basically whittled down the claims to very minimal, the court itself suggested that the cases that the parties settle. And that's precisely what appellants did. All the claims in this case were either subject to adverse rulings and disposed of based on all of these successive motions that were bought by Cinemark and the claims were gone, or Cinemark paid monetary consideration for these claims and settlement. And none of the claims that were settled are on appeal here today. Roberts. Thank you, counsel. Thank you. I see my time's up. Thank you. Good morning, Your Honors, and may it please the Court. My name is Emily Burkhart-Vicente from Hunton and Williams, appearing on behalf of Appellees, Cinemark USA, Inc., and Century. This is an appeal from a putative class action where the plaintiffs alleged meal and respite claims, off-the-clock claims, reporting time claims, minimum wage claims, and derivative wage statement claims. The plaintiffs litigated those claims for two years until the district court denied certification on those claims. None of those claims are on appeal to this court. Instead, the plaintiffs, for the first time two years into the case, tried to move for certification on a claim that was never pled. That is what the parties in the district court have referred to as the direct wage statement claim. What plaintiffs allege is that Cinemark's wage statements show the number of overtime hours worked, the regular rate, which is then multiplied by one and a half to come up with the total overtime wages paid. Plaintiffs contend that that was a violation of Labor Code Section 226. That claim was not pled in the complaint. When plaintiffs moved to certify that class, the district court denied certification on the grounds that the claim had not been pled. To be clear, the plaintiffs don't argue that the overtime rate was miscalculated. They don't argue that any of the plaintiffs were underpaid or not paid. They don't argue any actual damage at all. They only argue that they're entitled to civil penalties for this technical violation of 226. Did the district court dismiss the claim or refuse to certify on grounds that it wasn't exhausted? The district court denied class certification of the Section 226 claim on grounds that it was not properly pled. The district court granted motion for judgment on the pleadings on the PAGA claim on this basis on the ground that it had not been exhausted through notice to the LWDA and Cinemark. So on that issue, how do you deal with Williams? Williams v. Superior Court doesn't change this court's own precedent or the standard for PAGA letters. You know, the California Supreme Court is the authority on California law, so what we say doesn't make much difference. Williams v. Superior Court was about discovery in PAGA actions. Right. But then it went on to talk about notice. Well, in that case, the court found that the plaintiffs did not have to provide evidence in their notice letter. They didn't have to provide evidence of a violation in order to get discovery on a PAGA action. Judge Org didn't require the plaintiffs to provide evidence. He simply required the plaintiffs to provide notice of the claim that they were alleging or the violation that they were alleging. That's consistent with Williams v. Superior Court, where the California Supreme Court simply said the plaintiff has to give notice of what the alleged violation is. Williams does go on to say, nothing in labor code indicates the facts and theories provided in support of alleged violations must satisfy a particular threshold of weightiness beyond the requirements of non-frivolousness generally applicable to any civil filing. And then it talks about the purpose of the notice, to afford the relevant agency the opportunity to decide whether to allocate scarce resources to the investigation. So it didn't seem to set a very high threshold for what the contents of the But the plaintiffs, and Judge Org didn't require a very high threshold, and the plaintiffs didn't meet even that threshold. Their PAGA letters were very specific to a derivative wage statement claim. They specifically alleged that the wage statements were deficient because they didn't list all of the hours because of the off-the-clock claim. It was specifically tied to that. Did Judge Org have the benefit of the Williams decision when he made his? He did not. That decision came down very recently. Yeah, that was a new decision. Correct. Or post-district court decision, yeah. So in this court, the Ninth Circuit in El Cantor v. Hobart Services also set out a standard for exhaustion under PAGA. And that standard is consistent with the Williams standard. And what that standard provides is that the plaintiff has to intelligently, has to give enough notice that the LWDA can intelligently assess the seriousness of the alleged violations and permit the employer to determine what policies or practices are being complained of so as to know whether to fold or fight. There wasn't that notice here. From looking at the face of the complaint or the face of the PAGA notice that Plaintiff Brown submitted, there was no way to know that she was claiming that the overtime rate on the wage statement was incorrect. Plaintiff's counsel said that the LWDA should have just looked at the wage statement. Well, they wouldn't have had the wage statement. There was no way for the LWDA to know that that's what the plaintiffs were complaining about. And the LWDA has to be given the opportunity to decide whether it wants to investigate that claim or take that claim itself. CentiMark also has an opportunity, as noted in the Williams case, to respond to those allegations. And there was nothing in these letters that would have put CentiMark on notice that what was at issue was the overtime rate on the wage statement. Again, the letter that Brown sent, which is the only letter that's relevant because Mr. Amy is not part of this appeal, the letter that Brown sent was specifically tied to her off-the-clock claims. So how does actual notice play into this scheme? I mean, I gather your theory is that the notice, the adequacy of the notice is to the department, not to CentiMark, right? It would be to both, Your Honor. Okay. So if CentiMark had actual notice, how does that affect the exhaustion requirement? Well, CentiMark would not have had actual notice. Hypothetically. They claim you had actual notice, and we're not here to resolve that claim. But if you had actual notice, how would that play into the exhaustion requirements under PAGA? It wouldn't change it because it is the plaintiff that has the obligation to exhaust. The plaintiff has the obligation to tell both the LWDA and the employer what it is that they contend is a violation. And here the plaintiffs did not do that. So even if you had actual notice that they were claiming this violation, you think that does not satisfy the exhaustion requirement? It has to be in their letter because they also have to give the LWDA an opportunity to assess. I understand that part. I was curious because in your theory, you apparently think that the notice has to be adequate as to both the company and the state? Yes. Okay. The company has to have enough notice to know that that's what's at issue because the company has an opportunity to respond to the letter. And if the company doesn't understand that that's what the plaintiff is bringing to the LWDA in this particular instance, then the employer doesn't have enough information to know what it needs to respond to. And then that's the information that the LWDA would use to determine whether it wanted to proceed with the claim itself or not. If I could just step back for a moment. In this case, after the plaintiffs lost class certification and their direct wage statement claim was found not to have been pled or exhausted, the plaintiffs then dismissed their claims voluntarily. They settled and dismissed. And because of that, this court does not have jurisdiction over that appeal under the Supreme Court's recent decision in Microsoft v. Baker. Isn't the settlement here completely different? I mean, the circumstances are not even close to the Microsoft case. In the Microsoft case, the plaintiffs voluntarily dismissed their claims with prejudice, and that's what happened here. The plaintiffs voluntarily dismissed their claims. In this case, you took consideration. I mean, it wasn't a tactical decision. It was as a settlement. It was actually explicitly done to get to an appeal of the certification decision, which is exactly what happened in Microsoft v. Baker. But there wasn't a settlement in Microsoft v. Baker. Here there was a settlement in which there was a preservation of certain claims, but there had already been a judgment on those claims. There had not been a judgment on all claims. There were still claims left for trial in this case, and so the plaintiffs simply decided that they were not going to pursue those claims anymore. They decided they weren't worth pursuing, and so they decided to voluntarily dismiss them. The Baker court's decision didn't turn on whether there was consideration or not. It turned on the fact that the plaintiffs specifically dismissed. But in Baker, the claims that were dismissed were the very claims that were subject to the class certification motion, right? In Baker, the plaintiffs dismissed all of their claims, which had been denied on class certification, and that's correct. But to allow... I mean, it was in Baker. It was purely a tactical decision by one party, and here you have a, I assume, an arm's length settlement with both parties. It would seem to me that, in a sense, the shoe's on the other foot that you're arguing. We settled, and now we get to renege on the settlement because of Microsoft v. Baker. It's not reneging on the settlement. It's... You carved out the claims, right? We carved out the plaintiff's ability to appeal certain claims because they dismissed them with prejudice. But the Supreme Court has changed the law on that now, and the Supreme Court has said you can't voluntarily dismiss claims in order to manufacture an appeal. And in this case, that's precisely what the plaintiffs did, and while they say that they are only appealing claims that were actually taken to judgment, a final judgment doesn't depend on what the plaintiff decides to appeal. A final judgment depends on what happens in the district court, and a final judgment results when a claim, when a case is fully litigated on the merits to final judgment, and that didn't happen here because the plaintiff dismissed some of their claims. So what we're saying is that we should say, basically, don't ever settle any aspects of your case? No. What we're saying is that plaintiffs can't settle and voluntarily dismiss claims if they want to appeal. But that happens all the time in an arm's length normal civil case. I think what the Supreme Court was concerned about was entirely different. I mean, otherwise you're saying any time you have a partial settlement, that necessarily means there can't be an appeal, right? Only if that settlement is designed to get around the rules for taking interlocutory appeals, which was the case here. Plaintiffs could have sought Rule 23F petition. They could have tried to appeal under 1292B. They didn't do either of those things. Instead, they dismissed their claims in order to get to an appeal, which is exactly what the Supreme Court rejected in Microsoft v. Baker. In terms of the claims before the district court, the plaintiffs sought to certify a class on a direct wage statement theory and to pursue a representative PAGA claim on that basis, even though they did not plead or exhaust those claims. The district court denied certification because the claim was not pled. And the appellants don't disagree that a district court does not abuse its discretion by denying certification if a claim is not properly pled. In fact, in their brief, they call it an unremarkable principle at page 4 of their reply brief. So the issue in this case is whether the claim was properly pled. If it was not, then the district court did not abuse its discretion. And there's a number of cases that we cited in our briefs that would agree with that premise. Is it really an abusive discretion standard if the only basis for denying class certification was the technical pleading failures? The ruling on the motion for judgment on the pleadings would not be an abusive discretion, but the denial of class certification if the court properly made that determination is an abusive discretion standard. And if he didn't exercise any discretion, he simply said, I'm not going to certify the class because you didn't exhaust the claim. He held that the plaintiffs, he held that he wasn't going to certify the class because the plaintiffs hadn't pled the claim. He didn't, there was no certification motion on the PAGA claim for exhaustion. That was a separate, that was a motion for judgment on the pleadings, which would have been a de novo review. What he denied certification on was the direct wage statement claim under Labor Code 226. And the pleading, Brown's second amended complaint at paragraph 58 pled the following. Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements. The deficiencies include among other things, the failure to state all hours worked as a result of failing to record and state the hours plaintiffs and class members worked off the clock. That's a derivative claim. This is not a case where the pleading was vague. That was a very specific pleading of a derivative wage statement claim. When the plaintiffs got to class certification two years into the case for the first time, they then tried to pursue a separate, a separate and distinct claim for a direct wage statement violation that had to do with the face of the wage statement. But that was not pled. And the most, the best evidence of that is the briefing on the motion to deny certification that happened a year into the case. When Cinemark moved to deny class certification on the grounds that the derivative, the wage statement claim was derivative and the plaintiffs agreed with that. They never said they had a direct wage statement claim. In fact, they agreed that the wage statement claim was derivative. A year later, they just apparently discover this new claim and they want to certify it. And instead of moving to amend the complaint to do so, they simply moved for class certification and the district court determined that it was not properly pleaded. The district court then. So, I mean, at that stage, they said, well, it really was properly pleaded. The district court said no. And then we have a denial of leave to amend. So how were you prejudiced by allowing amendment at this time, other than the passage of time? The district court went through a very thorough prejudice analysis and there was no abusive discretion in the district court's factual findings. At this point, two years into the case discovery was, was done. The case was on the verge of being ready to go to trial. We would have had to reopen discovery. We would have had to re-depose the plaintiffs. There may have been other class member depositions that need to be taken. Class certification would have needed to be re-briefed and re-argued, even though the district court had told the plaintiffs previously that he would not continue the certification decision because he had already done so once. There would have been additional motion practice because the complaint, as the district court found, was still deficient. And then there would have been additional summary judgment motions. And so that need to reopen discovery and re-brief and argue motions, as this Court has found in other cases, would have been prejudicial to set a mark and there was no abusive discretion in the district court's finding on that point. Thank you, counsel. Thank you, Your Honors. Just a few points on rebuttal. With respect to prejudice, the case law is clear. The prejudice must be substantial. And the case law is also clear with respect to the fact that discovery alone and additional discovery does not meet this substantial prejudice standard. So that here does not require denial of amendment. Secondly, with respect to PAGA exhaustion, I think, again, we're having Cinemark, as well as what the district court reiterated, paying lip service only to the idea of notice to the LWDA and the employer. Well, this notice is simply a minimal standard and it's not applied. They may talk about notice, but this minimal standard was not applied. In particular, the PAGA letter here states that there are three areas that are inaccurate on these wage statements with respect to 226. It includes the total hours worked, the deductions, and the applicable hourly rate during the pay period. Mentioning the applicable hourly rate during the pay period is exactly that, notice of what's at issue in this case. Thank you, counsel. Okay. Thank you. The case has started to be submitted for decision and will be in recess for the morning.
judges: Reinhardt, Thomas, O'Malley